**WO**                                                                                      MDR

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rick Alton Foley, | ) No. CV 07-603-PHX-SMM (LOA) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Frederickson, et al., | ) |
| Defendants. | ) |

## I.     Procedural History

On March 19, 2007, Plaintiff Rick Alton Foley, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis*.  In an April 4, 2007 Order (Doc. #3), the Court denied the Application to Proceed because it was incomplete and gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed.   In a May 9, 2007 Order (Doc. #5), the Court extended the deadline 30 days from the filing date of the May 9 Order.

On May 21, 2007, Plaintiff filed a second Application to Proceed *In Forma Pauperis* (Doc. #6). In a June 20, 2007 Order (Doc. #7), the Court granted the Application to Proceed and dismissed the Complaint for failure to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

**TERMPSREF**

1        On July 17, 2007, Plaintiff filed his First Amended Complaint (Doc. #9).  The Court

2   will order Defendants to answer the First Amended Complaint.

3   **II.      Statutory Screening of Prisoner Complaints**

4        The Court is required to screen complaints brought by prisoners seeking relief against

5   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

7   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

8   be granted, or that seek monetary relief from a defendant who is immune from such relief.

9   28 U.S.C. § 1915A(b)(1), (2).

10   **III.    First Amended Complaint**

11        In his three-count First Amended Complaint, Plaintiff sues three "officials" at the

12   Meadows Unit of the Arizona State Prison Complex-Eyman: Defendants Frederickson,

13   Nunez, and Saucedo.  Plaintiff also sues Defendants Deputy Warden Kimble and Arizona

14   Department of Corrections Director Dora Schriro.

15        In Count One, Plaintiff alleges that Defendants Frederickson, Nunez, Saucedo, and

16   Kimble violated the Fourteenth Amendment by denying him access to the courts.  He

17   contends that these Defendants denied him access to his legal boxes for three months and that

18   this delay caused his state court civil cases challenging his conditions of confinement to be

19   dismissed because of untimely filings.  Plaintiff asserts that he submitted five inmate

20   grievances in which he requested access to his legal boxes before the filing deadlines, but

21   that the Defendants refused to provide him with access to the legal boxes.  He also asserts

22   that he notified the Defendants' supervisor, but the supervisor refused to intervene.

23        In Count Two, Plaintiff alleges that Defendants Nunez and Saucedo violated the

24   Fourteenth Amendment by retaliating against him for filing complaints against Defendant

25   Frederickson.   He alleges that Defendants Nunez and Saucedo had the authority to order

26   Defendant Frederickson to allow Plaintiff access to his legal boxes but refused to "grant

27   Plaintiff['s] relief or take corrective action in retaliation for Plaintiff[']s numerous

28   complaints."  He also contends that he was subjected to several "reprisal searches" because

TERMPSREF                                        - 2 -

1    he did not adhere to Defendants Nunez and Saucedo's recommendation that he drop the

2    complaints against Defendant Frederickson or "li[f]e can get hard for him."   Plaintiff

3    contends the retaliation resulted in the dismissal of his state court civil cases.

4    In Count Three, Plaintiff alleges that Defendants Kimble and Schriro violated the

5    Fourteenth Amendment by denying him access to the courts.  He contends that Defendant

6    Kimble was aware of Defendants Frederickson, Nunez, and Saucedo's conduct but failed to

7    take corrective action and advised Plaintiff that he would not interfere with Defendant

8    Frederickson's decision not to provide Plaintiff with his legal boxes for 90 days.  Plaintiff

9    also contends that Defendant Schriro was aware of the situation but "declined to order

10   Frederickson to allow Plaintiff access to his legal boxes for 90 days."  Plaintiff contends this

11   resulted in the dismissal of his state court civil cases.

12   In his Request for Relief, Plaintiff seeks monetary damages, his court costs and

13   attorney's fees, and all of the possible relief that he had sought in his dismissed state court

14   civil actions.

15   Liberally construed, Plaintiff has stated claims against Defendants in the First

16   Amended Complaint.  The Court will required Defendants to answer the First Amended

17   Complaint.

18   **IV.    Warnings**

19        **A.    Release**

20   Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

21   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

22   the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

23   in dismissal of this action.

24        **B.    Address Changes**

25   Plaintiff must file and serve a notice of a change of address in accordance with Rule

26   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

27   relief with a notice of change of address.  Failure to comply may result in dismissal of this

28   action.

TERMPSREF

1

**C.     Copies**

2       Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

3   of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate

4   stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit

5   an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply

6   may result in the filing being stricken without further notice to Plaintiff.

7

**D.     Possible Dismissal**

8       If Plaintiff fails to timely comply with every provision of this Order, including these

9   warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

10  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

11  comply with any order of the Court).

12  **IT IS ORDERED:**

13      (1)     The Clerk of Court must send Plaintiff a service packet including the First

14  Amended Complaint (Doc. #9), this Order, and both summons and request for waiver forms

15  for Defendants Frederickson, Nunez, Saucedo, Kimble, and Schriro.

16      (2)     Plaintiff must complete and return the service packet to the Clerk of Court

17  within 20 days of the date of filing of this Order.  The United States Marshal will not provide

18  service of process if Plaintiff fails to comply with this Order.

19      (3)     If Plaintiff does not either obtain a waiver of service of the summons or

20  complete service of the Summons and First Amended Complaint on a Defendant within 120

21  days of the filing of the Complaint or within 60 days of the filing of this Order, whichever

22  is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m);

23  LRCiv 16.2(b)(2)(B)(i).

24      (4)     The United States Marshal must retain the Summons, a copy of the First

25  Amended Complaint, and a copy of this Order for future use.

26      (5)     The United States Marshal must notify Defendants of the commencement of

27  this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

28  Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The

TERMPSREF                                           - 4 -

1   Marshal must immediately file requests for waivers that were returned as undeliverable and

2   waivers of service of the summons.  If a waiver of service of summons is not returned by a

3   Defendant within 30 days from the date the request for waiver was sent by the Marshal, the

4   Marshal must:

5        (a)   personally serve copies of the Summons, First Amended Complaint, and

6   this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil

7   Procedure; and

8        (b)   within 10 days after personal service is effected, file the return of service

9   for Defendant, along with evidence of the attempt to secure a waiver of service of the

10   summons and of the costs subsequently incurred in effecting service upon Defendant.

11   The costs of service must be enumerated on the return of service form (USM-285) and

12   must include the costs incurred by the Marshal for photocopying additional copies of

13   the Summons, First Amended Complaint, or this Order and for preparing new process

14   receipt and return forms (USM-285), if required. Costs of service will be taxed against

15   the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules

16   of Civil Procedure, unless otherwise ordered by the Court.

17   (6)   **A Defendant who agrees to waive service of the Summons and First**

18   **Amended Complaint must return the signed waiver forms to the United States Marshal,**

19   **not the Plaintiff.**

20   (7)   Defendants must answer the First Amended Complaint or otherwise respond

21   by appropriate motion within the time provided by the applicable provisions of Rule 12(a)

22   of the Federal Rules of Civil Procedure.

23   (8)   Any answer or response must state the specific Defendant by name on whose

24   behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

25   does not identify the specific Defendant by name on whose behalf it is filed.

26   . . . .

27   . . . .

28   . . . .

- 5 -

1          (9)     This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to

2    Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

3          DATED this 21st day of August, 2007.

Stephen M. McNamee
United States District Judge