WO                                                                                              **JWB**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Rick Alton Foley, | No. CV 07-0603-PHX-SMM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Frederickson, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss (Doc. # 21), Plaintiff's Response (Doc. # 26), and Defendants' Reply thereto (Doc. # 29). The Court will grant the motion in part and deny the motion in part.

**I.    Background**

Plaintiff, an inmate at the Arizona Department of Corrections (ADC), filed this 42 U.S.C. § 1983 action on March 19, 2007 alleging violations of his constitutional rights. On July 17, 2007, Plaintiff filed a First Amended Complaint presenting three claims for relief against the following ADC employees: (1) Property Officer Frederickson; (2) Nunez;  (3) Grievance Coordinator Saucedo; (4) Deputy Warden Kimble; and (5) Director Dora Schriro (Doc. # 9 at 2). In Count I, Plaintiff claimed that Frederickson, Nunez, Saucedo, and Kimble violated his Fourteenth Amendment rights by denying Plaintiff access to his legal materials for 90 days, causing his state court legal cases to be dismissed. In Count II, Plaintiff alleged that Nunez and Saucedo retaliated against Plaintiff for filing complaints against Frederickson. And in Count III, Plaintiff contended that Kimble and Schriro denied Plaintiff

1   access to the courts by failing to take corrective action when Frederickson, Nunez, and
2   Saucedo refused Plaintiff access to his legal materials for 90 days.

3       Defendants were ordered to Answer the First Amended Complaint and subsequently
4   filed a Motion to Dismiss, arguing that Plaintiff's claims are barred by the statute of
5   limitations (Doc. # 21).[1]

6   **II.   Legal Standards**

7       **A.   Motion to Dismiss**

8       A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. North
9   Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the
10  complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or
11  the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica
12  Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v. Dean Witter
13  Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

14      In determining whether the allegations of a complaint state a claim upon which relief
15  may be granted, the Court must take the allegations of material fact as true and construe them
16  in the light most favorable to the plaintiff. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.
17  1994) (per curiam). Pro se pleadings must be held to a less stringent standard than formal
18  pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ortez v.
19  Washington County, 88 F.3d 804, 807 (9th Cir. 1996). The rule of liberal construction of
20  pleadings is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258,
21  1261 (9th Cir. 1992). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and
22  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give
23  the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell
24  Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355
25  U.S. 41, 47 (1957)).

26  ///

27

28      [1] Defendants Sauceda, Kimble, and Schriro filed the Motion to Dismiss (Doc. # 21).
    Defendants Nunez and Frederickson joined the motion (Doc. ## 32, 48).

### B.     Statute of Limitations

In § 1983 actions, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. <u>Wilson v. Garcia</u>, 471 U.S. 261, 266, 274-76 (1985); <u>Vaughan v. Grijalva</u>, 927 F.2d 476, 478 (9th Cir. 1991).  The Arizona statute of limitations for personal injury actions is two years.  <u>See</u> Ariz. Rev. Stat.§ 12-542(1); <u>Madden-Tyler v. Maricopa County</u>, 943 P.2d 822, 824 (Ariz. Ct. App. 1997); <u>Vaughan</u>, 927 F.2d at 478.  The Court must also apply any state rule for tolling to actions brought under § 1983.  <u>Hardin v. Straub</u>, 490 U.S. 536, 544 (1989); <u>TwoRivers v. Lewis</u>, 174 F.3d 987, 992 (9th Cir. 1999).

### III.    Parties' Contentions

Defendants contend that Plaintiff's claims prior to July 17, 2005 are barred by the statute of limitations because his First Amended Complaint was filed on July 17, 2007 (Doc. # 21).  Specifically, Defendants claim Plaintiff had reason to know of his injury at the time he was denied access to his legal materials—February to April 2005.  Alternatively, Defendants claim that Plaintiff had reason to know of his injury when his three state court cases were dismissed on May 10, 2005, June 3, 2005, and June 15, 2005.  Consequently, Defendants argue, all of his claims are barred by the statute of limitations, having accrued before July 17, 2005.

Plaintiff first responds that the two year statute of limitations does not apply to his case because his claims do not involve personal injury.  Rather, Plaintiff contends that a four year statute of limitations applies.  Additionally, Plaintiff contends that he became aware of his injury on February 9, 2006, when he received a letter from a non-profit organization advising him that he had an actionable claim against Defendants for denial of access to the courts.

In reply, Defendants reiterate their argument that Plaintiff's claims are time-barred because he filed his First Amended Complaint more than two years after his three legal cases were dismissed.  Defendants also argue, for the first time, that Plaintiff's First Amended Complaint does not relate back to his original Complaint because Defendants had no notice of the lawsuit.

## IV.     Analysis

The crux of Defendants' argument is that because Plaintiff's First Amended Complaint was not filed until July 17, 2007, and Defendants did not have notice of the original Complaint, Plaintiff's claims must be time-barred.

Federal Rule of Civil Procedure 15(c) governs relation back of amendments and provides:[2]

> An amendment of a pleading relates back to the date of the original pleading when ...

> > (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

> > (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).

In Plaintiff's original Complaint, Plaintiff named Defendants Frederickson, Saucedo, Kimble, and Schriro (Doc. # 1).   Consequently, only Rule 15(c)(2) applies to those Defendants.  And Defendants have neither alleged nor demonstrated that Plaintiff's First Amended Complaint presents claims that are unrelated to those claims in his original Complaint.   Nor does Plaintiff have to show that they had notice of the original Complaint—it is not required under Rule 15(c).  Thus, as to Defendants Frederickson, Saucedo, Kimble, and Schriro, the First Amended Complaint relates back to the filing of his Complaint.  Mayle v. Felix, 545 U.S. 644, 648 (2005) ("[P]leading amendments relate back to the filing date of the original pleading when both the original plea and the amendment arise out of the same 'conduct, transaction, or occurrence.'"); Fed. R. Civ. P. 15(c)(2). Because Plaintiff's original Complaint was filed on March 19, 2007, and Defendants

[2] Rule 15(c) was amended effective December 1, 2007. The Court will use the version of the rule in effect at the time Defendants' motion was filed.

1  acknowledge that Plaintiff's claims accrued when his lawsuits were dismissed—on May 10,

2  2005, June 3, 2005, and June 15, 2005—his original Complaint was timely as to Defendants

3  Frederickson, Saucedo, Kimble, and Schriro.[3]

4      Defendant Nunez, however, was not named in the original Complaint and Rule

5  15(c)(3) must also be met for the First Amended Complaint to relate back as to Nunez. Percy

6  v. San Francisco General Hosp., 841 F.2d 975, 978-79 (9th Cir. 1988).  But Plaintiff cannot

7  show that Nunez had notice of the lawsuit before the First Amended Complaint was filed.

8  Moreover, Plaintiff's argument that his claim did not accrue until he received advice from

9  a non-profit organization is without merit.   His claims accrued when his lawsuits were

10  dismissed.   Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998).

11  Therefore, Nunez must be dismissed.  Defendants' motion will be granted in part and denied

12  in part.

13  IT IS ORDERED:

14      (1) Defendants' Motion to Dismiss (Doc. # 21) is **granted in part and denied in**

15  **part**.

16      (2)  Defendant Nunez is **dismissed with prejudice.**

17      (3)  Defendants' motion is otherwise **denied**.

18      DATED this 8th day of May, 2008.

19

20

21                          Stephen M. McNamee
                            United States District Judge
22

23

24

25

26      [3] The Court also notes that in their motion, Defendants also advanced the assertion that
   Plaintiff's claims accrued when he knew his legal materials were being withheld.  But
27  Plaintiff is not asserting a property claim, he has asserted a denial of access to the courts
   claim that accrued when he was allegedly injured—when his lawsuits were dismissed. Lewis
28  v. Casey, 518 U.S. 343, 351-53 (1996).